IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAISY TURCZYNSKI,

    Plaintiff,

vs.

JAMES FRIEDMAN, individually,
SUSAN FRIEDMAN, individually,
STEWART TITLE COMPANY,
CHICAGO TITLE COMPANY,
GOLDEN HORIZON MORTGAGE,
nBANK MORTGAGE, COLDWELL
BANKER ELITE, DOES 1 through 10,
inclusive,

    Defendants.

No. CIV S-07-0890 DFL GGH PS

ORDER

On June 15, 2007, plaintiff filed a "Request for Entry of Default" as to all defendants. Fed. R. Civ. P. 55(a). Defendants Nbank Mortgage and James and Susan Friedman have filed oppositions.

Plaintiff's request will be denied. It cannot be said that any defendant has failed to defend this action because none have been adequately served with process. Although plaintiff attempted service of process by certified mail upon each defendant, this method did not conform

1

with the requirements of Cal. Code Civ. Proc. §§ 416.30, 416.40 or 416.10.[1]  See generally Fed. R. Civ. P. 4.  Further, on May 31, 2007, this court granted plaintiff's application to proceed in forma pauperis and directed the U.S. Marshal to serve process upon all defendants.  On June 12, 2007, the Marshal sent notice to each defendant, requesting waiver of service within 45 days. Defendants who timely file waivers shall have until August 6, 2007 to file an answer; should a defendant decline to file a waiver, the time for filing an answer shall be 20 days after formal service of process.

Accordingly, plaintiff's June 15, 2007 request for entry of default is premature and is HEREBY DENIED.

DATED: 6/26/07               /s/ Gregory G. Hollows
                             _____
                             GREGORY G. HOLLOWS
                             U. S. MAGISTRATE JUDGE

GGH5:turc0890.def

---

[1] E.g., Cal. Code Civ. Proc. §§ 416.30 and 416.40 require that service of process include return receipts which are completed by each defendant and filed in this court as proof of service, while § 416.10 requires service of process upon designated agents for defendant corporations.

2