IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAISY TURCZYNSKI,

    Plaintiff,

vs.

JAMES FRIEDMAN, individually,
SUSAN FRIEDMAN, individually,
STEWART TITLE COMPANY,
CHICAGO TITLE COMPANY,
GOLDEN HORIZON MORTGAGE,
nBANK MORTGAGE, COLDWELL
BANKER ELITE, DOES 1 through 10,
inclusive,

    Defendants.

No. CIV S-07-0890 DFL GGH PS

<u>ORDER</u> and
<u>ORDER TO SHOW CAUSE</u>

Presently pending on this court's law and motion calendar are Nbank Mortgage's motion to dismiss scheduled for hearing August 30, 2007, and the Friedmans' motion to dismiss scheduled for hearing August 16, 2007.[1] On July 13, 2007, plaintiff filed a "Notice of

---

[1] On June 14, 2007, defendant Nbank Mortgage filed a motion to dismiss scheduled for hearing July 26, 2007, based in part on its assertion the parties did not enter into a contract. By order filed June 18, 2007, the court moved the hearing to August 30, 2007, to permit adequate time for the U.S. Marshal to serve process upon all defendants. On July 16, 2007, defendants James and Susan Friedman filed a motion to dismiss scheduled for hearing August 16, 2007, based on their assertion these matters were resolved in state court, at least as to the Friedmans.

1  Unavailability" for the period August 19, 2007 through September 14, 2007, explaining only that
2  she will be "temporarily absent and unavailable" during that period, and requesting "that no
3  motions or other actions requiring a response be scheduled during that time."  On July 13, 2007,
4  defendant Nbank Mortgage filed a "Notice of Opposition" to plaintiff's anticipated
5  unavailability.
6         Plaintiff's unilateral notice of unavailability for a period encompassing a
7  previously scheduled hearing, without any demonstration of good cause or previous attempt to
8  stipulate to another hearing date, is unacceptable.  Notices of unavailability are generally
9  disfavored in federal court, particularly for lengthy periods.  Even in California state court
10 practice, where such notices are generally accepted, their purpose is to prevent the scheduling of
11 matters during a party's disclosed absence, not to suspend previously scheduled matters.  See
12 Tenderloin Housing Clinic, Inc. v. Sparks, 8 Cal. App. 4th 299 (1992).  Plaintiff's asserted
13 inability to attend a hearing that was scheduled nearly one month earlier, without demonstration
14 of good cause, appears to be an improper litigation tactic.  This implication weighs particularly
15 heavy in this case where plaintiff initiated this action, obtained a waiver of the filing fee and
16 obtained the assistance of the U.S. Marshal in serving process upon defendants, and in which
17 plaintiff's briefing implies a sense of urgency in these proceedings, due in part to plaintiff's age
18 and health.  Plaintiff shall therefore be ordered to demonstrate good cause for her asserted
19 unavailability.
20        Accordingly, IT IS HEREBY ORDERED that plaintiff shall, within ten days of
21 the filing date of this order, show good cause in writing for her asserted unavailability August 19,
22 2007 through September 14, 2007, as set forth in her Notice of Unavailability filed July 11, 2007.
23 Plaintiff shall set forth the reasons for her anticipated absence and all supporting documentation.
24        IT IS FURTHER ORDERED that the hearing on the Friedmans' motion to
25 dismiss, filed July 16, 2007, is moved from August 16, 2007 to August 30, 2007, and will be
26 \\\\\

1  heard in tandem with Nbank Mortgage's motion to dismiss, absent plaintiff's demonstration of
2  good cause to again reschedule both matters.
3        IT IS SO ORDERED.
4  DATED: 7/24/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:turc0890.avail.